# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JEWEL E DYER,

    Plaintiff,

v.

NAPA STATE HOSPITAL,

    Defendant.

Case No. 19-cv-04586-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who is detained at Atascadero State Hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was deprived of medical care. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

Plaintiff states that medical personnel at Napa State Hospital denied him proper medical care for his injured back. He contends that he told medical personnel that he had medical problems with his spine but a defendant on October 8, 2018, stated that he never requested treatment. He states that he eventually received an x-ray on November 3, 2018. The next day he fell getting out of bed which exacerbated his medical problems. He also states that he was transferred on November 5, 2018, before the x-ray results were received or he could receive

2

1 surgery. However, plaintiff has also separately submitted two pages of medical records (Docket
2 No. 13) that contradict some of his assertions. On October 10, 2018, plaintiff received medical
3 imaging for his back from Napa State Hospital. Docket No. 13 at 2-3. It appears that medical
4 personnel did respond sooner to his request for imaging of his back. The imaging found only mid
5 degenerative changes but no lumbar compression fracture or destructive process. *Id*.

6 Plaintiff has again failed to identify any specific defendant. He states that the defendant
7 who told him that he never requested treatment is named Sarah. Plaintiff must provide more
8 information to identify this defendant and describe how she violated his rights. He must describe
9 the medical treatment that was denied by this defendant and how she was deliberately indifferent.
10 Simply that she told him he did not request treatment is insufficient. Plaintiff must provide more
11 information about defendant's actions and his medical condition and what surgery should have
12 been provided. Regarding his other allegations he must identify specific defendants. Only stating
13 that unidentified defendants denied medical care without identifying the defendants or the medical
14 care is insufficient to state a claim.

## CONCLUSION

16 1. The amended complaint is **DISMISSED** with leave to amend. The second
17 amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and
18 must include the caption and civil case number used in this order and the words SECOND
19 AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces
20 the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik*
21 *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the
22 original complaint by reference. Failure to amend within the designated time will result in the
23 dismissal of this case.

24 2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
25 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
26 of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to
27 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
28 Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 7, 2020

JAMES DONATO
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JEWEL E DYER,<br>        Plaintiff,<br>v.<br>NAPA STATE HOSPITAL,<br>        Defendant. | Case No. 19-cv-04586-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jewel E Dyer ID: 071196-0
Atascadero State Hospital
P.O. Box 7001
Atascadero, CA 93423

Dated: February 7, 2020

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By: /s/ Lisa R. Clark
                                      LISA R. CLARK, Deputy Clerk to the
                                      Honorable JAMES DONATO